SUPREME COUNCIL CATHOLIC KNIGHTS OF AMERICA

v.

ROSALIE FRANKE.

*Life Insurance—Mutual Benefit Associations—Change of Beneficiaries —Interest.*

1. The beneficiaries in a certificate of membership in a mutual benefit association, which recites that it is a contract between the association and the assured only, and provides for a change of beneficiaries if desired, have no such vested right as will require their consent to such change.

2.  If the beneficiaries first named do not complain of a change excluding them, the association can not do so.

3.  The method of making such change depends on the rules in force when the change is made, and not when the certificate was issued.

4.  When the amount to be paid under a certificate can be ascertained by the association when it is due, interest will be allowed from that time.

[Opinion filed June 13, 1890.]

APPEAL from the Circuit Court of St. Clair County; the Hon. GEO. W. WALL, Judge, presiding.

Mr. MARSHALL W. WEIR, for appellant.

The wife and children of Franke, at the time the first certificate was issued, we submit, acquired a vested interest therein of which they could not be divested without their consent.

"We apprehend the general rule to be, that a policy, and the money to become due under it, belong, the moment it is issued, to the person or persons named in it as the beneficiary or beneficiaries, and that there is no power in the person procuring the insurance, by any act of his, by deed or by will, to transfer to any other person the interest of the person named. An irrevocable trust is created." Bliss on Life Ins., 2d Ed., page 517; May on Insurance, Secs. 390–391; Continental Life Ins. Co v. Palmer, 42 Conn. 60; Chapin v. Fellows, 36 Conn. 132; Gould v. Emerson, 99 Mass. 154.

Messrs. TURNER & HOLDER, for appellee.

Appellant pursued the same course, on the same kind of policy, in the courts of Texas, and the Supreme Court of Texas decided the case in the same way the Circuit Court decided it in the case at bar. The case referred to is the case of Byrne et al. v. Casey et al., Supreme Court of Texas, March 20, 1888.

In Splawn v. Chew, 60 Tex. 534, the nature of these benefit certificates was discussed. The insurance results from membership. Each member insures his fellows, and is insured by them, by the terms of membership. Each member is charged with a knowledge of its constitution and by-laws, and

is entitled to the rights and privileges conferred by them. It was a contest between the parents of a member, beneficiaries in the benefit certificate, and the children claiming under the will of the member. The court held that the beneficiaries named have no perfect or vested rights in the certificate; that the rules, as to change of the beneficiary, were for the protection of the order, and that the member, under the by-laws, could determine the course of the benefit fund against those named as beneficiaries in the certificate. See cases cited; also Manning v. Ancient Order, etc., S. W. Rep. 385; Society v. McVey, 92 Pa. St. 510; Hirschl, Fraternities and Societies.

Our own Supreme Court has announced the same doctrine in Johnson et al. v. Van Epps, 110 Ill. 551. "The contract being between the insurer and the party whose life is insured, so long as the latter retains possession of the policy he has the right, with the consent of the insurer, to change the contract of insurance so as to give the proceeds of the policy, upon his death, to a different beneficiary, or to change it in any other manner the contracting parties may agree upon. That this position is supported by many analogies of the law, as well as by express adjudications, must be conceded." Clarke v. Durand, 12 Wis. 248; Kerman v. Howard, 23 Wis. 108; Foster v. Gile, 50 Wis. 603; Gambs v. Mutual Life Insurance Co., 50 Mo. 44.

The policy itself says: "And it is expressly understood that this is a contract between the Supreme Council Catholic Knights of America and assured alone, and not a contract between said council and the beneficiaries herein named." The old policy was surrendered. No action could be maintained upon it.

The pleas do not aver that any person claims this fund by reason of the first policy.

A party may make himself liable to two persons for the same debt. Pom. Eq. Jur., Sec. 1326, and note; Tyus et al. v. Rust, 37 Geo. 274 (95 Am. Dec. 365).

The insured had a right to change his policy. Swift v. R. P. & F. C. Ben. Ass., 96 Ill. 314; Johnson v. Van Epps, 110 Ill. 551.

REEVES, P. J.   The appellant is a corporation organized under the laws of this State for the purpose of providing benefits for the widow, orphans, heirs and devisees of deceased members under the terms and conditions prescribed in the rules and regulations adopted for the government and conduct of the ·business of the corporation.   In January, 1882, Joseph Franke, the husband of appellee, made application for membership in this organization, to the local branch at Belleville, which was approved and a benefit certificate issued to him. By the terms of this certificate, the beneficiary named was "the family and estate," and the relationship of the beneficiary to said Joseph was stated to be, "wife and children."   This certificate provided that Joseph Franke should have the right to surrender the certificate and receive a new one, and might substitute another beneficiary or beneficiaries therein, if he so desired, by complying with the laws of the order on this subject.   At the time this certificate was issued the laws of the order required that in order to entitle a member to surrender his certificate and take a new one, naming other beneficiaries, he should present the written consent of the beneficiary under the first certificate to such change.   In May, 1885, the constitution of the order was so changed that a member might surrender his certificate and receive a new one, naming other beneficiaries, by a two-thirds vote of the members of the branch of the order to which he belonged.   In 1887 Joseph Franke applied for a change in the beneficiary in his certificate, naming his wife, Rosalie Franke, the beneficiary, and his branch assented thereto by a two-thirds vote, and the old certificate issued in 1882 was surrendered, and a new one issued accordingly.   On this certificate, issued in 1887, this suit was brought.   Joseph Franke died in 1888 and proof of his death was made.   Appellant declined to pay to Rosalie . Franke, and hence this suit.

The contention of appellant is that a change in the beneficiary in Franke's certificate could only legally be made by complying with the laws of the order in force at the time the original certificate was issued; that the change made in the laws of the order in 1885, could only legally apply to certifi-

cates issued subsequently to such change. The amendment to the constitution which effected this change, is broad enough to cover certificates issued before the change as well as those issued after.

It is, however, contended that the beneficiaries named in such certificate as the one here involved, acquire, when the certificate is issued, a vested interest therein, of which they can not be divested without their consent. Bearing in mind that this certificate contains this clause— " And it is expressly understood that this is a contract between the Supreme Council Catholic Knights of America and the assured alone, and not a contract between said council and the beneficiaries herein named "— we do not think this contention can be maintained. Moreover the children of Joseph Franke, who were named jointly with his wife as beneficiaries in the first certificate, are setting up no claim here. It appears that appellant did file a . bill of interpleader to which appellee, the children of Franke and the administrator of his estate, were made parties defendant, in which the same facts were set forth as are brought forward here to defeat a recovery by appellee, to which bill a demurrer was sustained. The action of the court upon that bill is not before us. Independent of this fact, however, we are of opinion that neither the wife nor children of Franke had any vested interest, conditional or otherwise, in the benefits provided by the certificate issued in 1882, so long as Franke lived and controlled this contract.

The contract was between the association and Franke alone. Swift v. R. P. & F. C. Ben. Ass., 96 Ill. 314; Byrne v. Casey et al., S. W. Rep., Vol. 8, p. 38. The association had the right to prescribe and change the terms upon which Franke might change the beneficiary. This the association did, and Franke made the change in exact accordance with the terms prescribed by the change of the constitution. Of this no one can now be heard to complain, certainly not the association. It was in effect taking out a new certificate. The old certificate was surrendered and canceled by the concurrent act of the parties to it, and the only shadow of claim that any one can have upon appellant, to the benefits in question, must be

worked out through the new certificate. By it the appellant expressly agreed to pay the benefits to accrue upon the death of Franke to appellee. Johnson et al. v. Van Epps, 110 Ill. 563. In ordinary life insurance, where one insures his own life for the benefit of another, and there is no provision in the policy for effecting a change of beneficiary, it has been held that no such change can be made without the assent and consent of the beneficiary named; but we are aware of no case which holds that an insurance company and the person therein insured may not provide in the contract of insurance for a change of beneficiary, and that a change made in pursuance of such contract would be invalid without the assent of the original beneficiary. The case cited from Massachusetts turned upon their statute, which prohibits such a change.

It is also urged that the Circuit Court erred in allowing interest upon the amount of benefits due appellee, after the same were due and payable by the terms of the certificate. By the statute, " creditors shall be allowed to receive interest at the rate of six per cent per annum, for all moneys after they became due on any bond, bill, promissory note, or other instruments in writing." The instrument sued on in this case was clearly an instrument in writing. The amount due was readily ascertainable. If there were two thousand members when Franke died the sum due was $2,000. If the number of members was less than two thousand the amount due would be as many dollars as there were members. The appellant had all the necessary data in its possession to determine the amount due. The recovery of interest in such case does not depend upon the question of vexatious delay but upon the plain words of the statute. Heisler et al. v. Stose, Vol. 23, No. 4 N. E. Rep. February 21, 1890. Finding no error in the judgment of the Circuit Court the same is affirmed.

*Judgment affirmed.*